FANNIE CUSICK, APPELLEE, V. NATHAN BRODSKY ET AL., APPELLANTS.

FILED NOVEMBER 1, 1912.  No. 16,783.

Judgment: SUIT TO VACATE: EVIDENCE. Evidence examined and set out in the opinion, *held* sufficient to sustain the finding and decree of the district court.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*J. E. von Dorn,* for appellants.

*J. J. O'Connor, contra.*

FAWCETT, J.

Defendant Brodsky was a retail grocer in Omaha. Among his customers was one Charles W. Ellis, whose wife is a sister of plaintiff. The Ellis family traded with defendant for a number of years. As a result of such trading the Ellises finally became indebted to defendant in the sum of about $140. Defendant appears to have sold out his business and placed his accounts in the hands of a collector. Suit was brought in justice court upon the Ellis account against plaintiff, and service of summons was made upon her. At the time set for hearing neither plaintiff nor defendant appeared at the justice court. Judgment was entered against plaintiff. Upon the judgment thus entered defendant subsequently had an execution issued, and was about to levy upon property of plaintiff, when she brought this suit to restrain proceedings under the execution, and to set aside the judgment upon the ground that she was in no manner indebted to defendant, and that after bringing the suit against her defendant told her that it was brought against her by mistake; that she need not pay any attention to the suit, as he would withdraw it; that she relied upon his statements, and for that

reason did not appear at the time set for trial; that she never knew that any further steps had been taken in the matter until defendant was about to enforce his judgment by the execution above referred to. There was a trial to the district court for Douglas county, which resulted in a finding in favor of plaintiff and a decree restraining the enforcement of the execution, vacating the judgment of the justice, and ordering that the parties appear before the said justice on March 14, 1910, or before some other justice if the case should be removed, for the purpose of trying the cause of action upon the account upon its merits. From this decree defendant Brodsky appeals.

The only reason assigned for asking a reversal of the decree of the district court is the statement in the brief of defendant that the judgment of the district court is not supported "by that preponderance of evidence necessary to sustain an injunction enjoining the enforcement of a judgment at law, where, as is disclosed in this case, the plaintiff had proper notice of the commencement of the suit in which the judgment, which the plaintiff herein seeks to enjoin, was rendered." After a careful reading of the entire bill of exceptions we are unable to agree with counsel. Plaintiff testifies unequivocally that when the summons in the justice suit was served upon her she called defendant, with whom she was well acquainted, by telephone, and asked him why he had sued her for this account; that he told her he had gone out of business, and the bills were all put in a bunch together; that "he didn't intend for that to go in. * * * He said he would call it off, and not to pay any more attention to it; he would go down and see this lawyer, and call it off." It is true defendant denies having made this statement, and says that what he told her was: "If the bill will be paid we wouldn't sue it. That is all I said." Mrs. Ellis testified that she went to see him about the suit, and asked him why he had brought suit against her sister; that he said: "O, Mrs. Ellis, I will call it off." The evidence does not show that this statement to Mrs. Ellis was communicated to plaintiff before the day

set for the trial. Defendant's argument is therefore sound
that the statement by defendant to Mrs. Ellis, even if
made, which defendant denies, would not afford any excuse
for the failure of plaintiff to attend at the time of the trial.
But there is one circumstance shown by defendant's own
testimony which tends strongly to corroborate plaintiff
that he had agreed to call the case off. While upon the
stand as a witness in his own behalf, he testified that he
did not attend the trial himself, and does not know who
made proofs of the account. The record does not en-
lighten us upon that point beyond the statement by
counsel for defendant upon the stand that he made proof.
Just how he made it is not shown.

Upon the question as to whether or not plaintiff had
any meritorious defense to the action if she had attended
at the time of the trial, the evidence is not very satis-
factory. There is no dispute but what the debt sued for
was the debt of the Ellises. It is conceded that plaintiff
never agreed in writing to be responsible for the debt, but
defendant and his wife say that, when the account of the
Ellises began to grow, they were not willing to continue
increasing it, and that plaintiff then came to them and
told them to let Mrs. Ellis have what she needed, and that
she, plaintiff, would see that the goods were paid for.
This, plaintiff unequivocally denies. Defendant places
the time when this pledge was made by plaintiff as some
two or three years prior to the hearing of this suit, yet he
furnishes no evidence that plaintiff had ever paid him
anything during all of that time on account of the Ellises,
except one item of $50, which plaintiff admits having
made, but testifies that when she made it she told de-
fendant that she was making the payment on account of
her sister as a Christmas present. She denies ever having
become security or ever having acknowledged that she was
in any manner liable for the debts of the Ellises. Whether
she did or not, however, is a question which can be de-
termined when the law action is finally tried in justice
court under the decree rendered by the district court in

this case. Without pursuing the matter further, we think the evidence is sufficient to sustain the decree as entered by the district court.

AFFIRMED.